# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-cv-00211-MR

| | |
|---|---|
| JASON CARMONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] and on Plaintiff's letter and attachments [Docs. 4, 4-1].

## I. BACKGROUND

Plaintiff Jason Carmona ("Plaintiff") is an inmate currently incarcerated in Union County Jail in Monroe, North Carolina. On April 27, 2021, he filed the instant action in which he purports to bring a "TORT claim" based on negligence and false imprisonment while he was incarcerated at "Albemarle Prison."[1]  [Doc. 1 at 1]. Plaintiff names the State of North Carolina and Albemarle CI as Defendants. [Id.]. Plaintiff alleges as follows:

---

[1] Because there is no "Albemarle Prison," the Court assumes Plaintiff is referring to Albemarle Correctional Institute ("Albemarle CI"). Albemarle CI is in New London, Stanly County, North Carolina, which is in the United States District Court for the Middle District of North Carolina.

> Approx 1 to 2 years ago Mr. Carmona was to do a 90 day CRV or something parole board wanted Mr. Carmona to do, (State of N.C) Mr. Carmona was sent to Albemarle Prison to do a sentence only to be let out late. 22 days late to be exact…. Court's can contact head quaters in Raliegh to verify as well as head of classification at Albemarle Prison or combine records that Mr. Carmona had to be emergency released due to combined records misplacing or not filing Mr. Carmona's paperwork correctly therefore having Mr. Carmona have to do an extra 22 days in Prison.

[Doc. 1 at 1 (errors uncorrected)]. For injuries, Plaintiff claims mental anguish and "lost of good time quality of life." [Id. at 2]. For relief, Plaintiff seeks monetary damages. [Id.].

Plaintiff has also filed a letter with the Court in which he proclaims he is innocent of a state criminal charge for which he is currently being detained in Union County, North Carolina.[2] [Doc. 4]. He encloses what appear to be filings from his state criminal matter in which he seeks dismissal of the charges against him. [See Doc. 4-1]. In the letter before the Court, Plaintiff asks the Court to "please just call and help [him] out a lil please." [Doc. 4 at 3]. It appears that the relief sought by Plaintiff in this letter is unrelated to this civil proceeding.[3]

---

[2] It appears Plaintiff was charged with death by distribution of a controlled substance in violation of N.C.G.S. § 14-18.4. [See Doc. 4-1 at 3-4].

[3] The Court will, therefore, direct the Clerk to mail Plaintiff, a pretrial detainee, a form to pursue relief under 28 U.S.C. § 2241 if he so chooses.

## II. DISCUSSION

Under the North Carolina Tort Claims Act (the "Act"), the Industrial Commission has exclusive jurisdiction over claims against the State, state departments, institutions, and agencies for personal injuries or damages sustained by any person due to the negligence of state officer, agent, or employee acting within the scope of his employment. Guthrie v. State Ports Authority, 307 N.C. 522, 299 S.E.2d 618 (1983). The Industrial Commission must decide whether the alleged wrong:

> arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina….

N.C. Gen. Stat. § 143-291(a). The Act, however, does not give the Industrial Commission jurisdiction to award damages based on intentional acts. Frazier v. Murray, 519 S.E.2d 525, 528 (N.C. App. 1999) (citing Jenkins v. Dep't of Motor Vehicles, 94 S.E.2d 577 (N.C. 1956)). As such, injuries intentionally inflicted by employees of a state agency are not compensable under the Act. Id. False imprisonment is an intentional tort in North Carolina and, therefore, not properly brought before the Industrial Commission. See id. at 528-29 (affirming the Industrial Commission's dismissal of Plaintiff's

claims for false imprisonment and intentional infliction of emotional distress). Rather, false imprisonment claims by prisoners are typically brought under 42 U.S.C. § 1983.[4]

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, Plaintiff characterizes his claims as ones for negligence and false imprisonment. Plaintiff's negligence claim may be brought, if at all, before the N.C. Industrial Commission. See N.C. Gen. Stat. § 143-291(a). On the other hand, to the extent Plaintiff intended to bring a claim under § 1983 based on false imprisonment, this claim arises out of events occurring at Albemarle CI. Therefore, under Section 1391, this claim may be heard, if

---

[4] The Court notes, however, that depending on the nature of such claims they may be barred by Heck v. Humphrey, 512 U.S. 477 (1994), or properly brought only through a habeas petition.

4

at all, in a venue where all the defendants reside, or in the venue where the issue substantially arose, which here is the Middle District of North Carolina.

Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this claim, or, if it is in the interest of justice, transfer this claim to the United States District Court for the Middle District of North Carolina. Because Plaintiff's Complaint also includes a claim not properly brought in the Middle District, the Court will dismiss Plaintiff's Complaint without prejudice to Plaintiff's bringing his claims in the proper courts.

## III. CONCLUSION

For the reasons stated herein, the Court dismisses Plaintiff's Complaint without prejudice to Plaintiff bringing his claims in the proper courts.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] is hereby **DISMISSED without prejudice** in accordance with the terms of this Order.
2. The Clerk is instructed to mail Plaintiff a blank Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241
3. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: May 26, 2021

Martin Reidinger
Chief United States District Judge